UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**BRIAN WILLIAM SCHUMAKER**,

    *Pro se* Plaintiff,

    v.

**BRIAN E. ORTIZ**, *et al.*,

    Defendants.

Case No. 19-cv-3138 (CRC)

## OPINION

In August 2011, the United States District Court for the Northern District of Georgia sentenced Brian William Schumaker to 360 months imprisonment for various sexual exploitation and possession of child pornography offenses. See Judgment, United States v. Schumaker, No. 07-cr-289 (N.D. Ga. Aug. 2, 2011). Since then, Schumaker has launched a bevy of attacks on his convictions and sentence. He first unsuccessfully appealed his convictions to the Eleventh Circuit. See United States v. Schumaker, 479 F. App'x 878 (11th Cir. 2012). He then filed a *pro se* petition under 28 U.S.C. § 2255 in the Northern District of Georgia seeking to vacate his sentence, which Judge William S. Duffey denied. See Opinion & Order, United States v. Schumaker, No. 07-cr-289 (N.D. Ga. June 13, 2016). He sought a certificate of appealability to challenge that decision before the Eleventh Circuit, which was denied as well. See Order, Schumaker v. United States, No. 16-15314-B (11th Cir. Feb. 10, 2017).[1]

---

[1] Schumaker also filed *pro se* 28 U.S.C. § 2241 petitions in the Northern District of Georgia, which were ultimately dismissed. See Order, Schumaker v. Hawker, No. 12-cv-1499 (N.D. Ga. Aug. 6, 2012); Judgment, Schumaker v. Mansch, No. 09-cv-2593 (N.D. Ga. Sept. 28, 2009).

Mr. Schumaker now claims that he is being unlawfully detained because the statute that conferred jurisdiction to impose his sentence was not properly enacted. See Compl. ¶¶ II.B, II.C & VI.C. Because his claim is essentially one that "the [sentencing] court was without jurisdiction to impose [his] sentence," 28 U.S.C. § 2255(a), the Court will construe Schumaker's complaint as a second successive § 2255 petition. See United States v. Akers, 519 F. Supp. 2d 94, 95 (D.D.C. 2007) ("Regardless of how a pro se prisoner styles his motion, a court must review the motion based on its substance."). Even setting aside the fact that Schumaker has filed his petition in the wrong venue, see 28 U.S.C. § 2255(a) (identifying "the court which imposed the sentence" as the proper venue for such a petition), the Court concludes that it does not have jurisdiction to entertain Schumaker's request and will thus dismiss the complaint. See 28 U.S.C. § 1915A(b)(1) ("On review, the court shall . . . dismiss the complaint . . . if the complaint [] is frivolous, malicious, or fails to state a claim upon which relief may be granted.").

Once the sentencing court has adjudicated a petitioner's first § 2255 motion, it lacks jurisdiction to hear any "second or successive" § 2255 motion without certification by a panel of the relevant court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Harris v. United States, 522 F. Supp. 2d 199, 203 (D.D.C. 2007) ("This restriction is jurisdictional, and the court must establish that it has the power to hear the case before addressing the merits of such a motion."). Because Schumaker has already filed an unsuccessful § 2255 motion, he must seek leave from the Eleventh Circuit to file another successive petition before any court may entertain it.

The Court could, "in the interest of justice," transfer Schumaker's motion to the Eleventh Circuit for authorization to file a successive § 2255 motion in the Northern District of Georgia. See 28 U.S.C. § 1631. The Court declines to do so in this case, however, because Schumaker has not met the standards for obtaining such a certification. "A petitioner seeking leave to file a successive § 2255 petition must show either (1) 'new evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense' or (2) 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" United States v. Naranjo, No. CR 93-418-04 (TFH), 2014 WL 5408414, at *2 (D.D.C. Oct. 24, 2014) (quoting 28 U.S.C. § 2255(h)) (alteration in original). Mr. Schumaker has shown neither.

For the foregoing reasons, the Court dismisses this case. A separate order will accompany this memorandum opinion.

Date: January 8, 2020

CHRISTOPHER R. COOPER
United States District Judge